**Opinion issued December 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00197-CR

———————————

**ANDREW LONGORIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1303224**

---

## MEMORANDUM OPINION

Appellant Andrew Longoria pleaded guilty, pursuant to an agreed recommendation from the State regarding punishment, to the second-degree-felony offense of assault of a family member, "Second Offender and Impeding Breathing." *See* TEX. PENAL CODE ANN. § 22.01(b–1) (West 2011). In accordance

with appellant's agreement with the State, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for five years and assessed a $500 fine. The State subsequently moved for adjudication, alleging that appellant had violated the conditions of his community supervision by committing a new offense; failing to maintain suitable employment during the months of July and August 2011; failing to establish and pay child support; failing to perform community service as ordered; failing to pay certain fees, fines, and costs; and making false statements to a Harris County employee. Appellant pleaded "not true" to the allegations. The trial court found the allegations true, found appellant guilty of the underlying offense, and assessed punishment of confinement for fifteen years and a $500 fine. Appellant timely filed a notice of appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, her obligation to her client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to

2

assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.*

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See id.* Counsel discusses the evidence adduced, supplies us with references to the record, and provides us with citation to legal authorities. *See id.* at 411; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 406–07; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The brief also reflects that counsel delivered a copy of the brief to appellant and informed him of his right to examine the record and to file a response. *See Schulman*, 252 S.W.3d at 408. More than 30 days have passed, and appellant has not filed a pro se response. *See id.* at 409 n.23 (adopting 30-day period for response). The State waived its opportunity to file an appellee's brief.

We have independently reviewed the record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that the appeal is frivolous. *See id.* at 407 n.12 (explaining that appeal is frivolous when it does not present argument that could "conceivably persuade the court"); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that

reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney Melissa Martin must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).